**Earl H. GREGORY, Appellee,**

v.

**LITTON SYSTEMS, INC., a corporation, Appellant.**

**No. 26669.**

United States Court of Appeals, Ninth Circuit.

Dec. 7, 1972.

Rehearing Denied Feb. 12, 1973.

———◆———

Joseph D. Mullender (argued), Joseph A. Ball, R. H. Baerwitz, of Ball, Hunt, Hart, Brown & Baerwitz, Long Beach, Cal., Thomas S. Kerrigan, Los Angeles, Cal., for appellant.

Edward M. Medvene (argued), Michael R. Rogers, of Simon, Sheridan, Murphy, Thornton & Medvene, Los Angeles, Cal., for appellee.

Charles Reischel (argued), Marian Halley, Equal Employment Opportunity Commission, Washington, D. C., Jack Greenberg, Charles Stephen Ralston, New York City, Oscar Williams, William Bennet Turner, San Francisco, Cal., NAACP Legal Defense and Educational Fund, Inc. for amicus curiae.

Before MERRILL and GOODWIN, Circuit Judges, and PLUMMER,* District Judge.

ALFRED T. GOODWIN, Circuit Judge:

Litton appeals from an injunction, damages, and attorney fees, awarded pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, following a finding by the district court that Litton's employment questionnaire discriminated against black job-seekers by requiring each applicant to reveal his arrest record. The district court's decision is reported in Gregory v. Litton Systems, Inc., 316 F.Supp. 401 (C.D. Cal.1970).

It is stipulated that Litton's decision not to hire Gregory as a sheet-metal worker was predicated upon his statement that he had been arrested fourteen times, and not upon any consideration of convictions, or of national security, the latter a point relevant to certain of Litton's government contracts but not pertinent here.

The district court found, upon a record which contains substantial evidence to support the finding, that the apparently racially-neutral questionnaire actually operated to bar employment to black applicants in far greater proportion than to white applicants. Litton showed no reasonable business purpose for continuing to ask prospective employees about their arrest records. The district court accordingly found the practice to be in violation of the remedial legislation under which the action was brought. Gregory v. Litton Systems, Inc., 316 F.Supp. at 403.

■ In deciding that statistics demonstrated the racially discriminatory character of Litton's questionnaire, without first finding a discriminatory purpose, Judge Hill correctly anticipated the subsequent decision in Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). While the point was not reached in Griggs, Judge Hill's opinion also correctly refused to limit relief under Title VII to actions against employers who have a history of discrimination. In Griggs, a residue of discrimination was found to have resulted in disfavored workmen being locked into job stagnation caused by earlier discriminatory employment practices. No such finding was specified or required in this case. But Title VII was enacted for remedial rather than punitive purposes.[1] Historical discrimination need not be shown in order to obtain relief from discrimination in fact, regardless of its cause or motive. We are satisfied that the district court correctly decided the questions of Litton's liability and Gregory's right to relief.

Litton has also challenged the propriety of injunctive relief running to the benefit of nonparties. To understand this issue, it is necessary to review briefly the procedural background of this litigation.

In his first complaint, Gregory sought an injunction against further discrimination by Litton. During pretrial proceedings Gregory entered into a stipulation in which he disavowed a desire to be rehired, but he then filed an amended complaint seeking to represent a class under Fed.R.Civ.P. 23. Litton objected to the class-action allegations. The court indicated a strong preference that the action not proceed as a class action, but suggested that the parties agree to a procedure whereby an injunction might be granted in Gregory's individual action. The parties were unable to agree upon a procedure, and the judge called a meeting in chambers. At this meeting, counsel for Gregory stated that he did not care whether or not the action proceeded as a class action. Counsel for *amicus curiae* stated her belief that an injunction could be obtained under 42

---

* The Honorable Raymond E. Plummer, Chief Judge, United States District Court for the District of Alaska, sitting by designation.

1. The district court denied punitive damages, and we express no opinion upon the availability of such damages in a case of willful misconduct.

U.S.C. § 2000e–5(g),[2] whether or not the action proceeded under Rule 23. Gregory thereupon filed an amended complaint eliminating the class-action allegations but continuing to seek class relief.

Contrary to Litton's contentions, Litton on this record cannot claim to have been surprised by the district court's granting of an injunction. The question of injunctive relief was a live issue during pretrial proceedings and throughout the trial.

However, surprise does not necessarily relate to the scope of the injunction. In this case, Gregory did not seek reinstatement with Litton. As the result of a stipulation, he was to receive a money judgment. The wide-ranging injunction requested in Gregory's name could only benefit persons not before the court. Because no injunction was necessary to Gregory's chosen remedy, and because Litton was not shown to have a history of discrimination, or an intent to discriminate,[3] there was no pressing need to fashion a remedy solely for the benefit of persons who were not before the court.[4]

While the provisions of Title VII authorizing the court to waive costs and fees and to grant attorney's fees, 42 U.S.C. §§ 2000e–5(e), 2000e–5(k), indicate that Congress intended to ease the way of the Title VII plaintiff, the same provisions also indicate that when Congress intended to grant special privileges or to waive the usual procedural rules it knew how to say so. But the Senate deleted a provision of Title VII as originally proposed that would have permitted one private party to bring suit "on behalf of" another. Bureau of Nat'l Affairs, Civil Rights Act of 1964, at 302 (1964).[5]

The cases relied on by the *amicus* briefs do not support a class-oriented injunction on this record. Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968), Culpepper v. Reynolds Metals Co., 421 F.2d 888 (5th Cir. 1970), and Newman v. Piggie Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), were brought as class actions, and granted class relief.

We do not hold or suggest that injunctive relief benefiting nonparties would never be proper unless the court has first invoked Rule 23. Obviously, in many situations contemplated by Title VII, injunctive relief will be necessary to give a plaintiff or a group of plaintiffs the relief to which they are entitled. Such relief, of course, may inci-

---

2. 42 U.S.C. § 2000e–5(g) :

"If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay * * *."

3. Litton obviously intended to use the questionnaire. But there is no evidence of a purpose to disadvantage black applicants, nor that Litton intended to persist in the discrimination after it was identified.

4. And we can not hold, as the *amici* urge, that Rule 23 is a meaningless formality which this court should disregard. Under Rule 23, the group represented is protected by the requirement that there be a finding that "the representative parties will fairly and adequately protect the interests of the class", Fed.R.Civ.P. 23 (a)(4), and by the broad power given to the district court to make various orders for the protection of the class, Fed.R. Civ.P. 23(d). The defendant is protected by the provision that a class action binds members of the class. Fed.R.Civ.P. 23 (e). Both the plaintiff group and the defendant are protected by the prohibition against compromise without approval of court. Fed.R.Civ.P. 23(e).

5. At the time Gregory filed his action, the Equal Employment Opportunity Commission had no power to bring Title VII enforcement suits in its own name. Power to sue was divided between the Attorney General and private litigants. 42 U.S.C. §§ 2000e–5, 2000e–6. But the EEOC could sue to compel compliance with any injunction obtained in a private suit. 42 U.S.C. § 2000e–5(i). The EEOC now does have the power to enforce the Act in its own name. Pub.L.No. 92–261, § 4; 86 Stat. 103 (March 24, 1972).

dentally benefit many persons not before the court. *See, e. g.,* Sprogis v. United Air Lines, Inc., 444 F.2d 1194 (7th Cir.), cert. denied, 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971).

In this case, however, Gregory was seeking no prospective relief for himself, and affirmatively disavowed it. Except for ideologically interested *amici,* no one else before the court was seeking the rather broad and detailed injunctive relief fashioned by the decree. The injunctive benefits for nonparties, therefore, were neither incidental nor necessary to the resolution of the pending litigation.

The judgment is modified to vacate the injunctive relief, and is affirmed in all other respects; neither party shall recover costs on appeal.

Affirmed as modified.