Dorothy I. YUHAS and Nancy
Anderson, Plaintiffs,

v.

LIBBEY–OWENS–FORD COMPANY,
Defendant.

No. 72 C 2082.

United States District Court,
N. D. Illinois, E. D.

March 25, 1976.

Hoffman & Davis, Chicago, Ill., for plaintiffs.

Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

The question presented by this case is whether the defendant's policy against hiring in the same capacity the spouse of an hourly employee at its Ottawa, Illinois, plant constitutes sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We hold that the plaintiffs have made out a *prima facie* case of a violation, but that there is a disputed issue of fact as to business justification. Accordingly, we deny the motions of both parties for summary judgment.

Although the defendant's Spouse Rule is neutral in form, its effect has been to exclude 71 women and only 3 men from employment at the Ottawa plant. The rule has a greatly disparate impact and thus fits within *Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). In *Griggs*

the Court held that a requirement that a job applicant pass two intelligence tests or have graduated from high school violated Title VII since it disqualified blacks at a rate greater than whites.

As Judge Marshall held in *United States v. City of Chicago*, 385 F.Supp. 543, 552 (N.D.Ill.1974), a statistical imbalance like the one here is sufficient to establish a *prima facie* case of discrimination.

This case is thus unlike *Harper v. Trans World Airlines, Inc.*, 525 F.2d 409 (8th Cir. 1975), involving a related employment practice. In that case, no disparate impact was shown, and the rule had affected only five couples, a number the court found statistically insignificant.

The defendant has made two arguments against the application of *Griggs* to this case. First, it argues that *Griggs* has in effect been overruled by *Espinoza v. Farah Manufacturing Co.*, 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973), and by footnote 20 in *Geduldig v. Aiello*, 417 U.S. 484, 496, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974). We disagree. In *Espinoza*, the court not only did not effectively overrule *Griggs*, but reaffirmed its adherence to it. 414 U.S. at 92, 94 S.Ct. at 338, 38 L.Ed.2d at 293. *Geduldig* involved not Title VII but the Fourteenth Amendment. It has been limited to the equal protection area by the Second, Third, Fourth, Fifth and Sixth Circuits. *Communication Workers of America v. American Telephone & Telegraph Co.*, 513 F.2d 1024 (2d Cir. 1975); *Wetzel v. Liberty Mutual Insurance Co.*, 511 F.2d 199 (3d Cir.), *vacated on other grounds*, —— U.S. ——, 96 S.Ct. 1202, 47 L.Ed.2d 435, 44 U.S.L.W. 4350 (1976); *Gilbert v. General Electronics Co.*, 519 F.2d 661 (4th Cir.), *cert. granted*, 423 U.S. 822, 96 S.Ct. 36, 46 L.Ed.2d 39 (1975); *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975); *Satty v. Nashville Gas Co.*, 522 F.2d 850 (6th Cir. 1975); *cf. Holthaus v. Compton & Sons*, 514 F.2d 651 (8th Cir. 1975). We are in accord that the Supreme Court did not intend to overrule the disparate-impact doctrine by footnote 20.

The defendant's other argument is that *Griggs* applies only where there has been a showing of past discrimination, and that there is no such showing here. We disagree with this argument as well. In cases involving an absence of past discrimination, three courts have nevertheless applied *Griggs*. *Wallace v. Debron Corp.*, 494 F.2d 674 (8th Cir. 1974); *Gregory v. Litton Systems, Inc.*, 472 F.2d 631 (9th Cir. 1972); *Johnson v. Pike Corp. of America*, 332 F.Supp. 490 (C.D.Cal.1971). We have been able to find no cases involving similar circumstances which accord with the defendant's position, and we find these three decisions persuasive. The purpose of Title VII is to remove sexual barriers to employment, whether overt or covert, not to punish wrongdoers. Moreover, defendant is incorrect in its assertion that there was no history of discrimination at its Ottawa plant. At the time the Spouse Rule was adopted there, the work force was 97 per cent male and 3 per cent female. Courts have commonly held in racial discrimination cases that a statistical imbalance between the employer's work force and the surrounding community raises an inference that discrimination exists and shifts the burden of persuasion to the defendant to show the absence of discrimination. *United States v. Carpenters Local 169*, 457 F.2d 210 (7th Cir.), *cert. denied*, 409 U.S. 851, 93 S.Ct. 63, 34 L.Ed.2d 94 (1972); *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970). In *Lea v. Cone Mills Corp.*, 301 F.Supp. 97 (M.D.N.C.1969), *modified on other grounds*, 438 F.2d 86 (4th Cir. 1971), this rule was applied to a sex discrimination case. The statistical imbalance in defendant's plant was so great that even if we were to accept its interpretation of *Griggs*, defendant would have the burden of establishing that it had not been engaging in discrimination. It might show such nondiscrimination by showing, for example, that it received few applications from women and that women had not been deterred from applying by the belief that application would be futile. *See Lea, supra*.

Therefore, since the undisputed facts make out a *prima facie* case of violation, we deny the defendant's motion.

 Under *Griggs*, once a plaintiff has established a *prima facie* case, the burden is shifted to the defendant to show that its practices "fit the job, predict performance on the job, and are necessary for the on-going effectiveness and efficiency of the particular employ[er]." *United States v. City of Chicago*, 385 F.Supp. 543, 553 (N.D.Ill.1974). To justify the Spouse Rule on the grounds of business necessity, the defendant must present empirical evidence and show that there is no equally effective alternative available with a lesser discriminatory impact. *Green v. Missouri Pacific RR*, 523 F.2d 1290 (8th Cir. 1975); *cf. Waters v. Wisconsin Steel Works of International Harvester Co.*, 502 F.2d 1309, 1321 (7th Cir. 1974). *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), did not alter that standard. Indeed, the court appeared to reaffirm it by holding that a plaintiff can rebut the business-necessity defense by showing that the employer retained white employees involved in the same activities for which a black employee was fired.

 Defendant has asserted that its Spouse Rule was necessary to combat problems of absenteeism, tardiness, the scheduling of vacation time, the scheduling of shifts, procedures in handling grievances and employee morale. The only evidence presented to us involves absenteeism, and these statistics, if anything, show that the employment of married couples has no effect on absenteeism. Because we have no evidence tending to show that the Spouse Rule was not necessary to solve the other alleged problems, we must deny the plaintiffs' motion. Although at trial the defendant will have the burden of persuasion on this issue, plaintiffs have failed to demonstrate on their motion for summary judgment that there is no disputed issue of material fact.

Defendant's argument that elimination of the Spouse Rule at the Ottawa plant would conflict with affirmative action plans at its other plants is without merit. Any decree in this case would not be *res judicata* as to the other plants.

The cross-motions for summary judgment are denied.