664 So.2d 1034 (1995)
Florentino MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2705.
District Court of Appeal of Florida, Fourth District.
November 15, 1995.
Rehearing Denied January 10, 1996.
Richard L. Jorandby, Public Defender and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant argues that his conviction for attempted manslaughter with a firearm should be reversed because the state's use of peremptory challenges to remove any prospective juror who previously had been arrested impermissibly discriminates against blacks since they are arrested proportionately more often than whites. He also argues that the court erred in giving priority to the constitutional right of a victim to be present in the courtroom over the defendant's right *1035 to a fair trial by having the witnesses sequestered. We affirm.
These charges arose out of an altercation between the defendant and Timothy Bedwell which culminated in the defendant shooting Bedwell.
During jury selection, after the state excused two black jurors with peremptory challenges, the defendant asked the court to inquire whether there were race-neutral reasons for the strikes. The state responded that the first juror's brother had been arrested for drugs and that the second juror had himself been arrested. The court determined that these peremptory challenges were reasonable.
Defendant argues that using peremptory challenges to exclude persons who have been arrested or whose family members have been arrested is not race-neutral, because the percentage of blacks who have been arrested is higher than the percentage of whites who have been arrested. As authority for this proposition defendant cites Gregory v. Litton Systems, Inc., 316 F. Supp. 401 (C.D.Cal. 1970), modified 472 F.2d 631 (9th Cir.1972), an employment discrimination case. In Gregory the court ruled that an employer's policy of excluding from employment people who had been arrested had the effect of denying black applicants an equal opportunity since blacks comprised only 11% of this country's population, but 27% of all reported arrests. Id. at 403. Although those statistics are twenty-five years old, since Gregory was decided in 1970, defendant cites statistics showing the percentages were approximately the same in 1988.[1]
The fact that a juror has a relative who has been charged with a crime has been determined to be a race-neutral reason for excusing the juror. Fotopoulos v. State, 608 So.2d 784 (Fla. 1992); Bowden v. State, 588 So.2d 225 (Fla. 1991). Although the opinions in those cases do not discuss the specific argument made here, which is that based on statistics, the striking of such jurors does in fact discriminate, we cannot agree with defendant that the statistics make this case distinguishable. For example, no one would question the right of the plaintiff to strike nurses in a medical malpractice case even though the vast majority of nurses are female. Yet we know from J.E.B. v. Alabama, ___ U.S. ___, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) and Abshire v. State, 642 So.2d 542 (Fla. 1994), that peremptory strikes cannot be based on gender. In the absence of any authority other than Gregory, the employment discrimination case relied on by defendant, we cannot agree that these strikes were improper.
Defendant also argues that his conviction should be reversed because the trial court erroneously allowed the victim, Bedwell, who was a key witness, to be present during opening statements. The trial court allowed Bedwell to be present over defendant's objection because of article I, section 16(b) of the Florida Constitution, which provides:
Victims of crime ... are entitled to the right to be informed, to be present, and to be heard when relevant, at all crucial stages of criminal proceedings, to the extent that these rights do not interfere with the constitutional rights of the accused.
In Gore v. State, 599 So.2d 978, 986 (Fla. 1992), our supreme court held that the victim's rights under the Constitution "must yield to the defendant's right to a fair trial." In the present case the trial court, because of the constitutional provision, announced that the victim/witness would be allowed in the courtroom unless the defendant could establish prejudice. We are not prepared to say that the court was wrong in putting the burden of showing prejudice on the defendant, since the analysis has to have a starting point. We do, however, interpret Gore as meaning that any doubts should be resolved in favor of the defendant receiving a fair trial.
In the present case the defendant argued to the trial court that the victim/witness, *1036 who testified first, should not have been permitted in the courtroom during opening statement because he could have been affected by defense counsel's explanation of the defendant's version of the incident. The trial court rejected that argument, stating that it was insufficient to overcome the victim's constitutional right to be in the courtroom. We disagree. Where, as here, the facts were hotly disputed, the defendant's right to a fair trial outweighed the victim's right to be in the courtroom. The exclusion of this victim during opening statement, which was all he would have missed since he testified first, would have been a small price to pay to insure that the defendant got a fair trial.
We have concluded, however, that the error was harmless, after reviewing defense counsel's opening statement outlining defendant's version of the events leading up to the shooting, and the testimony of the victim, who categorically denied all of the facts which defendant alleged justified the shooting.
Affirmed.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I would find no error or abuse of discretion in the trial court's conclusion that the defendant had not demonstrated that his constitutional rights would be interfered with by the court's permitting the victim/witness to be present during opening statements.
In all other respects, I concur in the majority opinion.
NOTES
[1] Defendant cites Crime in the United States, Federal Bureau of Investigation (1988) for the proposition that in 1988, 69% of the people arrested were white, and 30% were black, and the Statistical Abstract of the United States 1989, United States Department of Commerce, Bureau of the Census (Table 31), showing that our population is 84.1% white and 12.4% black.