PER CURIAM.
The Defendant was convicted of first-degree murder, robbery, and aggravated battery on a person sixty-five years or older. He was sentenced to three consecutive prison terms, including a life sentence on the first-degree murder count. He raises eleven issues on appeal. We discuss only two, affirm the Defendant’s convictions and sentences, reverse the trial court’s order denying costs, and remand for further consideration of the defense motions for costs only.
In the first issue, the Defendant argues that the State was given “a large advantage when she [the victim’s daughter-in-law] was permitted to hear opening statements and the testimony of four other witnesses before she testified.” He claims *1258 he did not receive a fair trial because the victim’s daughter-in-law’s trial testimony was significantly different from her deposition testimony and thus prejudiced the defense by taking them by surprise. He implies that her trial testimony was influenced by observing the testimony of other witnesses.
This case involved the murder of Geraldine Pucillo and theft of a heavy link bracelet she owned for over thirty years. The Defendant’s palm print was found near the victim’s body, but the Defendant’s position was that the palm print could have been left at the crime scene months prior to the victim’s murder when he inspected the victim’s house for termites. The only other evidence that could connect the Defendant to the crime was a heavy link bracelet sold to a jeweler by the Defendant’s friend and recovered by the police shortly after the murder. Thus, the State sought to prove that this bracelet was the same heavy link bracelet stolen from the victim when she was murdered.
Prior to trial, the Defendant sought to invoke the rule of sequestration of witnesses. Over the Defendant’s objection, the trial court allowed the victim’s family — including the victim’s daughter-in-law, a State witness — to remain in the courtroom throughout the entire trial.
Four of the first five witnesses identified the bracelet recovered by the police after it was sold as the bracelet belonging to the victim, but none of the four were 100% certain. During this testimony, the victim’s daughter-in-law was present in the courtroom. _ She then took the stand, testifying she was 100% certain the bracelet recovered by the police belonged to the victim. She explained she was certain in her identification because she could compare the bracelet recovered by the police with enlarged photographs of the victim wearing her bracelet. She acknowledged that during her pre-trial deposition, she had not been certain in her identification, but she testified that during her deposition, she did not have the benefit of comparing the bracelet to the enlarged photographs, whereas during trial, she did. The bracelet and the enlarged photographs the witness compared during her trial testimony were properly entered into evidence.
With regard to the issue of sequestration of witnesses, a victim’s next-of-kin is entitled to be present at all stages of trial so long as their presence is not prejudicial and does not interfere with the constitutional rights of the accused. See Art. I, § 16(b), Fla. Const.; § 90.616(2)(d), Fla. Stat. (1999). While next-of-kin have the right to be present at trial, this right must yield to the defendant’s right to a fair trial and any doubts should be resolved in favor of the defendant receiving a fair trial. See Gore v. State, 599 So.2d 978 (Fla.1992); Martinez v. State, 664 So.2d 1034 (Fla. 4th DCA 1995).
Initially, we note that the Defendant does not argue the victim’s daughter-in-law is not properly considered “next-of-kin.” Thus, we make no decision whether non-blood relatives can properly be considered next-of-kin under article I, section 16(b) and section 90.616(2)(d).
The Defendant has not shown how he was prejudiced by the trial court’s ruling allowing the victim’s daughter-in-law to remain in the courtroom prior to her testimony. The record shows that at the time of her deposition, the victim’s daughter-in-law did not have the benefit of comparing the bracelet with the enlarged photographs. Her testimony at trial was the first time she had the opportunity to testify while comparing the bracelet with the photographs. What prompted her to be so certain of the bracelet’s identification during trial was not observing the prior witnesses’ testimony, but rather was comparing the bracelet with the photographs. Thus, we conclude the trial court did not abuse its discretion.
In the second issue, we address the trial court’s order denying the defense motions for expert witness fees and costs. The Defendant was found to be partially *1259 indigent for costs, but the record reflects that his defense attorneys were privately retained. He moved for expenses and costs related to three experts, none of whom testified at trial. The State objected because the Defendant had failed to seek the court’s approval prior to hiring them.
The State relied upon Palm Beach County Administrative Order No. 4.018 (June 27, 1996), which provides that court-appointed counsel and special public defenders must seek prior approval before incurring certain reimbursable costs. Order No. 4.018 provides that if prior approval is not sought, then the incurred expenses will not be reimbursed. The trial court denied the Defendant’s motions for failure to seek prior approval.
We agree with the Defendant’s contention that he was not required to seek prior approval because by its terms, Order No. 4.018 does not apply to privately retained defense counsel. See P.B. County Admin. Ord. No. 4.018(1), (2). Because the Defendant’s trial attorneys were privately retained, Order No. 4.018 does not apply to them. The only applicable provision in this case is section 914.06, Florida Statutes, which provides for an award of reasonable compensation for expert witness expenses, without requiring prior approval. See § 914.06, Fla. Stat.; see also Fla. R.Crim. P. 3.220(o). Thus, denial of the motions for costs for lack of prior approval was erroneous. Because the trial court has never ruled on the necessity, relevance, or reasonableness of the expenses requested, we remand for determination of these issues and reconsideration of the defense motions.
All other issues are affirmed without comment. The Defendant’s convictions and sentences are affirmed. The trial court’s cost order is reversed and remanded for further consideration.
CONVICTION AND SENTENCE AFFIRMED; COST ORDER REVERSED AND REMANDED FOR FURTHER CONSIDERATION.
WARNER, C.J., GUNTHER and STEVENSON, JJ., concur.