(No. 13944.—Reversed and remanded.)

THE PEOPLE *ex rel.* John O. Coen *et al.* Appellees, *vs.* JOHN O. HENRY *et al.* Appellants.

*Opinion filed December 22, 1921.*

1. ABATEMENT—*legislature cannot order a pending suit to abate.* The legislature has power to change the law, and the court in deciding pending cases will dispose of them under the law in force at the time its judgment is rendered, but the legislature has no authority to direct that a suit pending in court shall abate, as the entry of an order in a cause pending in court is a judicial function, which is not to be exercised at the direction of the legislature but in the judgment of the court.

2. SCHOOLS—*constitution does not prohibit local or special laws establishing school districts.* There is no constitutional provision prohibiting the passage of local or special laws establishing school districts, but the legislature may provide for their organization, division or consolidation, fix their boundaries and afterward change them, as it deems best for the public interests, without any petition for that purpose and without any vote upon the question.

APPEAL from the Circuit Court of Richland county; the Hon. J. C. EAGLETON, Judge, presiding.

H. G. MORRIS, for appellants.

S. C. LEWIS, State's Attorney, JOHN LYNCH, and JOHN A. MACNEIL, for appellees.

Per CURIAM: This appeal is from a judgment of the circuit court of Richland county finding the appellants guilty of usurping the franchise and exercising without warrant,

right or lawful authority the office of members of the board of education of Community High School District No. 77, in Richland county, as charged in an information filed against them by the State's attorney of that county, and ousting them from that office. The information in a single count charges the usurpation in general terms and calls upon the respondents to answer by what warrant they claim to hold and execute the office.

It appears from the petition for leave to file the information and the briefs of the parties, that the ground upon which the validity of the district and appellants' title to the office of members of the board of education is challenged is, that the petition presented to the county superintendent of schools for an election on the proposition of organizing the district was signed by only forty-one men. The other signers, twenty-one in number, were women. Women were not then such legal voters as were qualified to sign such petition, and it is claimed the county superintendent was therefore unauthorized to call an election, and for that reason the election and organization were void. It is not charged that the election was not called, held and conducted in the manner required by law, but the complaint is that the petition for voting on the proposition of organizing the district having been signed by less than fifty men voters, the county superintendent was not authorized to call it, and therefore the entire proceeding was void.

On May 10, 1921, the legislature passed and the Governor approved an act entitled "An act to legalize the organization of certain high school districts," the first section of which provided, in part, that "in all cases where a majority of the inhabitants of any contiguous territory, voting on the proposition, have voted at an election called for the purpose by the county superintendent of schools, in favor of the organization of such territory into a community high school district, and where, at a subsequent election similarly called and held, a board of education has

been chosen for such district, such territory is hereby declared legally and validly organized and established as a high school district, and a valid and existing school district and body politic and corporate of this State for the purpose of establishing and maintaining a high school." Section 6 directs that "all pending actions attacking the organization of districts coming under the provisions of this act shall abate." At the June term the appellants, relying upon section 6, made a motion that the suit be abated and the cause be stricken from the docket. This motion was overruled. The legislature has no authority to direct that a suit pending in court shall abate. The entry of an order in a cause pending in court is a judicial function, which is not to be exercised at the direction of the legislature but in the judgment of the court. The legislature has power to change the law, and the court, in the decision of pending cases, will dispose of them under the law in force at the time its judgment is rendered. (*People* v. *Madison,* 280 Ill. 96.) The court therefore denied the motion to abate and the cause will be disposed of on its merits.

We have held many times that in the absence of constitutional prohibition the legislature may validate by curative act any proceeding which it might have authorized in advance, and that there is no constitutional provision prohibiting the passage of local or special laws establishing school districts, but the legislature may provide for their organization, division or consolidation, fix their boundaries and afterward change them as it deems best for the public interests, without any petition for that purpose and without any vote upon the question. *People* v. *Madison, supra; People* v. *Stitt,* 280 Ill. 553.

In view of the decisions and the present state of the law, the judgment must be reversed and the cause will be remanded to the circuit court, with directions to dismiss the information.

*Reversed and remanded, with directions.*