(No. 34749.— )

VIRGIL LEFFLER *et al.*, Appellants, *vs.* H. L. BROWNING, County Superintendent of Schools, *et al.*, Appellees.

*Opinion filed June 20, 1958.*

ELMER JENKINS, of Benton, for appellants.

FRANK E. TROBAUGH, and STEPHEN E. BRONDOS, both of West Frankfort, (LOREN E. LEWIS, of Benton,) for appellees.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

Pursuant to the provisions of section 76 of the Civil Practice Act, (Ill. Rev. Stat. 1957, chap. 110, par. 76,) we granted plaintiffs leave to prosecute this appeal from the decree of the circuit court entered August 29, 1957, confirming the order of the county superintendent of schools

of Franklin County calling an election to establish a community unit school district.

The main thrust of plaintiffs' argument is aimed at the alleged unconstitutionality of House Bills 888 and 941, which were enacted as sections 8—9 of the School Code of 1955, (Ill. Rev. Stat. 1955, chap. 122, pars. 8—9,) while peripherally they urge numerous nonconstitutional errors. These contentions are set forth in their brief as follows: "(a) Sections 8—9 and 8—9 of the School Code are unconstitutional in that said sections are discriminatory, special legislation, and inconsistent, in violation of Section 22, Article IV, Illinois Constitution; that said sections are discriminatory, set forth different rates of taxation without reasonable grounds therefor, are arbitrary classifications for taxation which is not uniform in respect to persons and property, in violation of Article IX, Section 1, and Article IX, Section 9 of the Illinois Constitution. (b) The petition is not sufficient as a matter of law. (c) The notice is not sufficient as a matter of law. (d) The hearing was improperly conducted as a matter of law. (e) The order is not sufficient as a matter of law. (f) The order has not been served on the parties affected thereby. (g) That substantial injustice resulted to plaintiffs from errors committed during said proceedings. (h) And for other reasons." Under assignment (h) the plaintiffs have enumerated 68 alleged errors in the proceedings, the final specification being, "And for other and further reasons."

The complaint for administrative review of the decision of the county superintendent of schools charged that sections 8—9 of the School Code of 1955 were unconstitutional, but the trial court did not rule upon this contention. In order to confer jurisdiction on this court, it is necessary that the constitutional question be presented to and passed upon by the lower court. (*Village of Lansing* v. *Hacker*, 7 Ill.2d 258; *Ryan* v. *City of Chicago*, 363 Ill. 607.) This record is insufficient to give us jurisdiction on the

ground that a constitutional question is involved. We further question whether the constitutionality of sections 8—9 of the School Code still remains a debatable question. (*Moore* v. *County Board of School Trustees,* 10 Ill.2d 320; *People ex rel. McLain* v. *Gardner,* 408 Ill. 228; *People* v. *Deatherage,* 401 Ill. 25.) However, if we assume that we have jurisdiction and that the constitutionality of sections 8—9 of the School Code of 1955 is debatable, we note that in 1957 the legislature combined these sections of the School Code into one act as section 8—9, (Ill. Rev. Stat. 1957, chap. 122, par. 8—9,) and omitted therefrom the prior repugnancy of the $2 and $1.50 tax rates. Since we must dispose of this case under the law now in effect, (*People ex rel. Coen* v. *Henry,* 301 Ill. 51; *People ex rel. Vautrin* v. *Madison,* 280 Ill. 96,) such enactment renders moot the constitutional question urged by plaintiffs.

The record indicates that a petition signed by 213 residents of the proposed district was filed with the county superintendent of schools, which prayed that an election be called for the purpose of establishing a community unit school district; that due notice was given of hearing thereon; that the county superintendent of schools heard evidence as to the school needs and conditions of the territory, and in the area within and adjacent thereto, took into consideration the division of the funds and the assets which would result from the organization of the district, and determined that it was for the best interests of the schools of the area and the educational welfare of the pupils therein that the community unit district be organized as prayed in the petition; that the territory described in the petition was compact and contiguous for school purposes; and that all residents of the districts affected by such petition were given an opportunity to testify and offer evidence at such hearing.

The defendants contend, and the record substantiates, that the plaintiffs did not tender or make an issue before

the county superintendent of schools on the questions of law and fact presented by the petition, while the defendants offered substantial evidence which supported the allegations of the petition. The nonconstitutional errors here sought to be reviewed were not raised in the administrative proceeding. Such facts and circumstances require the application of the general rule that an appellate court will consider only such questions as were raised and reserved in the lower court. This principle likewise applies to a review by such courts of an administrative determination. In *Abbott Publishing Co.* v. *Annunzio,* 414 Ill. 559, at page 565, we stated: "The employer has also questioned the rights of claimants to benefits for the alleged reason that they did not qualify under section 6 of the Illinois Unemployment Compensation Act. The employer did not raise this question by notice as required by the regulations of the Director of Labor and also failed to urge the same at the time of hearing, and we, therefore, hold that it is foreclosed from urging such matters on review in this court. In the case of *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, we held that a defense to a claim under the Workmen's Compensation Act must be raised before the administrative board and that the employer could not remain silent there and be free to raise said defense on review in this court. It is a general rule, subject to some limitations and exceptions, that an appellate court will consider only such questions as were raised and reserved in the lower court. The same principle, based upon the demands of orderly procedure and the justice of holding a party to the results of his own conduct where to do otherwise would surprise his opponent and deprive him of an opportunity to contest an issue in the tribunal which by law is supposed to decide it, although sometimes derived from statutes, applies on review by courts of administrative determinations, so as to preclude from consideration questions or issues

which were not raised in the administrative proceedings. Thus, a defense not presented in the administrative tribunal may not be raised in the court on review, and courts have declined to hear objections to the admissibility of evidence, the qualifications of an expert witness, the form of questions to witnesses, or the reopening of a proceeding, where such objections were not made in the proceeding below."

In the case at bar there was no conflict in the evidence before the county superintendent of schools and the testimony of the plaintiffs did not raise an issue or afford the defendants an opportunity to offer evidence to meet any of the defenses here urged in opposition to the prayer of the petition. Consequently, this court, on review, should decline to hear such defenses. In event of transfer this rule would be equally binding on the Appellate Court. Thus, no useful purpose could be served by a transfer of this case.

In view of the absence of any constitutional question, and the failure of the record to reflect that any error was raised or preserved before the county superintendent of schools, we acknowledge that this appeal was improvidently allowed; and under the theory that a cause should not be transferred unless some useful purpose may be served thereby, (Cf. *Village of Lansing* v. *Hacker*, 7 Ill.2d 258, at 260; *Teren* v. *City of Chicago*, 413 Ill. 141 at 145; and *De La Cour* v. *De La Cour*, 363 Ill. 545 at 548,) we conclude that it should be dismissed.

*Appeal dismissed.*

Mr. Justice House took no part in the consideration or decision of this case.