LEE A. SCOTT, Plaintiff-Appellant, *v.* JAMES M. ROCHFORD *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 77-1480

Opinion filed September 20, 1978.—Rehearing denied December 15, 1978.

Ackerman, Durkin & Egan, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago, for appellees.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Lee Scott, filed a complaint in the circuit court alleging that he was wrongfully discharged by the Chicago Police Department without a hearing. The defendants filed a motion to dismiss the complaint

on the grounds that the plaintiff was a probationary policeman and, therefore, not entitled to a hearing prior to discharge. The trial court dismissed the action.

On appeal the plaintiff contends that the State statute which limits probationary periods for police officers to a maximum of nine months is applicable to him thus making his discharge without a hearing a violation of due process. The plaintiff further contends that the defendants failed to demonstrate the nine-month maximum had been validly extended.

The plaintiff was appointed to the Chicago Police Department on April 26, 1976. On February 10, 1977, he was involved in an off-duty incident in a tavern. The plaintiff was informed by letter on March 31, 1977, that he had been placed on the medical roll pending formal discharge by the police department. On April 5, 1977, the plaintiff received a letter informing him that he was discharged effective that same day.

On May 4, 1977, the plaintiff filed a complaint in the circuit court seeking an injunction, full back pay and other relief. The trial court based its subsequent dismissal of the complaint on its finding that the probationary period applicable to the plaintiff was one year as provided in rule IV, paragraph 5, of the Rules of the Department of Personnel:

> "Probation. Any person appointed from a career service original entrance eligible list will serve a probationary period determined by the Director. Such probationary period shall in no case exceed one year from the date of original appointment. Such probationary period shall be based upon time of compensated employment. In no case shall a probationer be discharged until after the appointing officer has received from the Director of Personnel a notice in writing that the Director of Personnel has approved such discharge. Any employee whose probationary period began prior to January 1, 1976 shall continue to serve the probationary period in effect at the time of the employee's appointment."

At the defendant's request we have taken judicial notice of two memoranda issued by the director of personnel of the City of Chicago. The memorandum dated January 30, 1976, contained notification that the probationary period for all persons appointed to the department afterJanuary 1, 1976, would be for a period of one year. The second memorandum was dated April 22  1976, and was directed to all department heads. It concerned the ration of probationary employees and set out procedures for recommending continued employment or discharge. The memorandum also recited that employees appointed after January 1, 1976, would be subject to a probationary period of one year.

At the plaintiff's request we take judicial notice of the city ordinance creating the Department of Personnel which provides in pertinent part:

> "25.1—5 The Director of Personnel shall issue personnel rules with the approval of the Personnel Board. Prior to the effective date of

such rules, the Director of Personnel shall give public notice in one or more newspapers of general circulation, and in no case shall such publication be less than ten (10) days before the effective date of the proposed rule or amendment to the rule. Such public notice shall include information concerning where the rules can be reviewed and where comments may be directed. Nothing contained herein shall prohibit the Director of Personnel from giving any additional public notice that he may deem appropriate. The rules shall provide:
* * *

7) For probationary periods after original appointment not to exceed one year." (Chicago Municipal Code 1976, ch. 25.1, par. 5(7).)

We also take judicial notice of a letter written by the director of personnel to plaintiff's attorney in which the director stated that public notice of the personnel rules for the City of Chicago was published on November 21, 1977, in seven Chicago daily newspapers.

Turning to the issues raised on appeal, it is undisputed that the plaintiff was a police officer for a period longer than nine months but less than one year. The plaintiff relies on a portion of State statute to support his contention that he was entitled to a hearing prior to discharge. The statutes provide in pertinent part:

"Original appointment shall be on probation for a period not to exceed 6 months to be fixed by the rules; provided that in municipalities with a population of more than 500,000 inhabitants, original appointment to the police department shall be on probation for a period not to exceed nine (9) months to be fixed by the rules of the department. The commission may strike off names of candidates from the register after they have remained thereon more than 2 years. At or before the expiration of the period of probation, the head of the department or office in which a candidate is employed may, by and with the consent of the commission, discharge him upon assigning in writing his reason therefor to the commission. If he is not then discharged, his appointment shall be deemed complete." Ill. Rev. Stat. 1975, ch. 24, par. 10—1—14.

"In any municipality of more than 500,000 population, no officer or employee of the police department in the classified civil service of the municipality whose appointment has become complete may be removed or discharged, or suspended for more than 30 days except for cause upon written charges and after an opportunity to be heard in his own defense by the Police Board.
* * *

Upon the filing of charges for which removal or discharge, or suspension of more than 30 days is recommended a hearing before

the Police Board shall be held." Ill. Rev. Stat. 1975, ch. 24, par. 10—1—18.1.

Subsequent to the enactment of the above statutes, the City of Chicago amended its Municipal Code creating the Department of Personnel. (Chicago Municipal Code 1976, ch. 25, par. 1—1 *et seq.*) Paragraph 1—5(7) of the ordinance authorizes the director to extend the length of the probationary period to one year. The director is also required to give public notice in one or more newspapers of general circulation not less than ten days prior to the effective date of the proposed rule.

■■■ Under the home rule provisions of the 1970 constitution the City possesses great autonomy in the determination of its government and affairs. (*Kanellos v. County of Cook* (1972), 53 Ill. 2d 161, 290 N.E.2d 240.) An ordinance enacted pursuant to this grant of power can supersede a previously enacted conflicting State statute. (*Paglini v. Police Board* (1975), 61 Ill. 2d 233, 335 N.E.2d 480.) Therefore, the ordinance enacted by the City of Chicago was a valid exercise of its home rule powers and properly could grant authority to extend the probationary period in excess of the nine-month period provided by State law.

■■ We agree with plaintiff, however, that a valid extension of the probationary period was never effectuated. On January 30, 1976, the director of personnel issued a memorandum announcing that as of January 1, 1976, the probationary period had been extended to one year. This communication constituted the first notice of the purported extension. The memorandum did not give any opportunity to anyone opposed to the extension to be heard. The first public notification of the purported extension took place on November 21, 1977, more than 10 months after the effective date and more than seven months after plaintiff was discharged by the police department. The rules governing the department of personnel specifically require that public notice of any rule promulgated by the director shall be published not less than 10 days prior to the effective date of the rule. Because the rule was not adopted in accordance with the procedures set forth in the regulations, it cannot be applied to the plaintiff in the present case.

For the foreging reasons, the judgment of the circuit court of Cook County dismissing the plaintiff's complaint is reversed, and the cause is remanded for further proceedings consistent with the holding of this opinion.

Judgment reversed and remanded.

SIMON and McGILLICUDDY, JJ., concur.