ANGEL DEL RIVERO, Petitioner-Appellant, *v.* WILLIAM E. CAHILL *et al.*,
Respondents-Appellees.

First District (4th Division)    No. 77-1431

Opinion filed May 3, 1979.

Turney and Roddy, of Chicago (Paula M. Daleo and Joseph V. Roddy, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Petitioner, Angel Del Rivero, brought this action in the circuit court of Cook County seeking to review a final determination of the Personnel Board of the City of Chicago (Personnel Board) removing petitioner's name from the eligibility list of candidates for the Chicago Police Department. After reviewing the administrative record, the circuit court entered an order affirming the Personnel Board's decision.

Petitioner's contentions on appeal can be summarized as follows: (1) the Personnel Board erroneously considered evidence of petitioner's prior arrests which were expunged pursuant to statute (Ill. Rev. Stat. 1975, ch. 38, par. 206—5); (2) petitioner's disqualification on the basis of prior arrests is in violation of title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.* (1976)) and the Fair Employment Practices Act (Ill. Rev. Stat. 1975, ch. 48, par. 851 *et seq.*); and (3) a departmental rule authorizing disqualification on the basis of a prior conviction for driving while under the influence denies petitioner due process and equal protection.

We affirm the judgment of the circuit court affirming the decision of the Personnel Board.

In June 1976, petitioner filed an application for employment as a police officer with the Chicago Police Department. Petitioner took the departmental examination and was found well qualified. Thereafter, following a background investigation, petitioner's name was stricken from the eligibility list by the superintendent of police for failure to meet the background standards of the department. Specifically, the background investigation disclosed that petitioner had been convicted of driving while under the influence and that he had engaged in certain criminal conduct.

On January 5, 1977, at petitioner's request, a hearing was held by the Personnel Board to review the superintendent's decision. A copy of petitioner's driving record, introduced at the hearing, indicated that he had been convicted in July 1974, of driving under the influence of alcohol, resulting in a one-year suspension of his driver's license. Petitioner related the circumstances surrounding the driving under the influence conviction.

In addition, James Lamb, a Chicago policeman, testified to an incident

which had resulted in petitioner's arrest on an aggravated battery charge in 1969. Lamb testified that on May 4, 1969, he heard two shots fired outside his home. When he went to investigate the disturbance he was confronted by a man aiming a gun at his head. He identified himself as a police officer and fired two shots, hitting the man. Lamb stated he was then attacked by four other men, including petitioner. Petitioner was arrested for aggravated battery but was found not guilty of that charge.

Evidence indicating that petitioner was of good character was also introduced on his behalf at the hearing.

On March 25, 1977, petitioner was notified that the Personnel Board affirmed the recommendation of the superintendent removing petitioner's name from the eligibility list for police officers. The circuit court of Cook County affirmed the Personnel Board's decision after reviewing the administrative record, and petitioner pursued this appeal.

OPINION

I

Preliminarily, a question is raised concerning the proper method of obtaining judicial review of a final decision of the Personnel Board of the City of Chicago. Petitioner's complaint states that the action to review the Personnel Board's decision was brought pursuant to the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, pars. 264 through 279).

The Illinois Supreme Court has held that a municipality cannot authorize the use of the Administrative Review Act to review the decisions of an administrative agency established by ordinance pursuant to the municipality's home rule powers. (*Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11, 338 N.E.2d 186; *Cummings v. Daley* (1974), 58 Ill. 2d 1, 317 N.E.2d 22; *Paper Supply Co. v. City of Chicago* (1974), 57 Ill. 2d 553, 317 N.E.2d 3.) As stated in the *Paper Supply Co.* case:

"The method of judicial review of the decisions of the defendant city's administrative agencies is not a 'function pertaining to its government and affairs' within the contemplation of section 6 of article VII of the Constitution of 1970, and the determination of the manner or method of such review is not within the powers conferred upon the City." (57 Ill. 2d 553, 580, 317 N.E.2d 3, 17.)

Thus the courts have found that the proper method of review of a decision of an agency created by home rule ordinance is by the common law writ of certiorari. *Quinlan & Tyson, Inc. v. City of Evanston* (1975), 25 Ill. App. 3d 879, 324 N.E.2d 65.

■■ The Personnel Board of the City of Chicago is an entity created by municipal ordinance (Chicago, Ill., Code 1977, ch. 25, par. 1—4). In an exercise of the broad home rule powers granted it under the 1970 Illinois Constitution, the City of Chicago amended its Municipal Code and

created the Personnel Board as part of the Department of Personnel (Chicago, Ill., Code 1977, ch. 25, par. 1—1 *et seq.*). (See *Scott v. Rochford* (1978), 66 Ill. App. 3d 338, 384 N.E.2d 19.) The Department of Personnel superseded the Chicago Civil Service Commission which had existed pursuant to the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—1). Although the provisions of the Administrative Review Act applied with respect to proceedings to review the decisions of the Chicago Civil Service Commission (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—45), we must conclude that the Administrative Review Act cannot be made applicable to the decisions of the Personnel Board.

▪ This conclusion, however, has little impact on the final resolution of this case. The technical distinction between a common law and statutory action for judicial review of an agency decision does not significantly alter the reviewing process nor does it, in this case, deprive the court of jurisdiction to consider the merits of the Personnel Board's decision. See *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11, 338 N.E.2d 186.

II

Petitioner contends that the Personnel Board erred in considering the facts and circumstances surrounding his arrest record after his arrests were expunged pursuant to statute (Ill. Rev. Stat. 1975, ch. 38, par. 206—5). The orders of expunction were entered by the circuit court of Cook County on February 2, 1977, after the administrative hearing in this matter had been concluded, but before the Personnel Board had notified petitioner of their final decision. We note that the Personnel Board had notice that proceedings had been instituted to expunge petitioner's arrest record.

In this case, evidence of the circumstances leading to petitioner's prior arrest for aggravated battery was considered by the Personnel Board under paragraph J of article II of the Chicago Police Department Background Investigation Standards. That provision states as follows:

"J. *Criminal Acts.* All persons who have engaged in any act or conduct prohibited by any of the state or federal statutes or municipal ordinances set forth above, or included by general description or reference, shall be disqualified by reason thereof. If the candidate requests in writing a hearing following mailing of the disqualification notice pursuant to I. C and D above, the Superintendent shall establish, at the hearing, by a preponderance of the evidence, that the candidate did engage in such act or conduct."

This paragraph does not refer to arrests, but rather to evidence of specific conduct. The superintendent has the burden of proving that the candidate engaged in the conduct and the mere fact of an arrest cannot meet this

burden. Indeed, criminal conduct may be shown by evidence even in the absence of an arrest. Here, no question has been raised concerning the sufficiency of the evidence presented before the Personnel Board.

The statutory expungement provision (Ill. Rev. Stat. 1975, ch. 38, par. 206—5) allows an otherwise qualified individual to have the record of a prior arrest that did not result in a conviction expunged from the official records of the arresting authority. The relief granted by this statute is limited only to official records. It does not act to eliminate the facts and circumstances leading to the arrest, nor does it erase the incident from the mind of an independent occurrence witness.

Since petitioner's disqualification was ultimately based on proof of the circumstances surrounding the prior arrest, the intervening expunction did not prohibit the Personnel Board's consideration of criminal acts as a basis for that disqualification.

### III

■ We agree that the use of an arrest record as a basis for disqualifying a minority applicant from employment has been found to have a racially discriminatory effect. (See *Gregory v. Litton Systems, Inc.* (9th Cir. 1972), 472 F.2d 631; *Carter v. Gallagher* (8th Cir. 1971), 452 F.2d 315, *cert. denied* (1972), 406 U.S. 950, 32 L. Ed. 2d 338, 92 S. Ct. 2045; *Cook County Police & Correction Merit Board v. Illinois Fair Employment Practices Com.* (1978), 59 Ill. App. 3d 305, 376 N.E.2d 11; *City of Cairo v. Fair Employment Practices Com.* (1974), 21 Ill. App. 3d 358, 315 N.E.2d 344.) However, in the context of this appeal, we cannot consider alleged violations of either title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.* (1976)) or the Fair Employment Practices Act (Ill. Rev. Stat. 1975, ch. 48, 851 *et seq.*). A violation of either of these acts can be redressed only through the statutory procedures provided by the acts. See, *e.g.*, 42 U.S.C. §2000e—5 (1976) and Ill. Rev. Stat. 1975, ch. 48, pars. 858-858.02.

More importantly, neither during the administrative proceedings nor in his complaint for judicial review, did petitioner allege a violation under these acts. Arguments may be considered on judicial review of an agency decision only if they are raised by the administrative record. (*Fox v. Illinois Civil Service Com.* (1978), 66 Ill. App. 3d 381, 383 N.E.2d 1201.) For these reasons, the applicability of title VII or the Illinois Fair Employment Practices Act to the facts in this case is not properly before us.

### IV

Petitioner also challenges the Personnel Board's reliance on paragraph H of article II of the background investigation standards. Paragraph H states:

"H. *Automobile.* All persons who have been convicted in any state court or military court of driving while under the influence or reckless driving, as defined in Section 11—503 of Chapter 95½ of the Illinois Revised Statutes, as amended, or has had his driving privileges suspended or revoked on two or more occasions, shall be disqualified."

Petitioner contends that the application of paragraph H results in a denial of due process in that it creates an irrebuttable presumption that the applicant is unqualified.

Conclusive presumptions have been successfully defeated on due process grounds where the presumptions operated to unreasonably deprive individuals of the opportunity for a meaningful hearing. (*Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586; *Stanley v. Illinois* (1972), 405 U.S. 645, 31 L. Ed. 2d 551, 92 S. Ct. 1208.) Although paragraph H states that a person convicted of driving while under the influence shall be disqualified, disqualification can be waived under article VII of the standards, which provides:

"VII. The Superintendent, where proper and appropriate in his judgment, is authorized to waive one or more of these standards upon good cause shown, provided such waiver is justified under all the circumstances."

Because the applicant is entitled to a hearing before the Personnel Board to review the superintendent's initial recommendation of ineligibility, an opportunity is afforded the applicant to present evidence of other factors which might suggest that the applicant is a fit person for public service. Due process considerations require only that the applicant be given a meaningful opportunity to present evidence of good character and fitness in contravention of any contrary inference based upon his prior conduct. *Miller v. Carter* (7th Cir. 1977), 547 F.2d 1314 (concurring opinion), *aff'd per curiam* (1978), 434 U.S. 356, 54 L. Ed. 2d 603, 98 S. Ct. 786.

■ The petitioner, in this case, was provided a hearing before the Personnel Board where he was allowed to present evidence of his suitability for employment with the police department. The record reveals that the Personnel Board's decision was based on a consideration of all of the evidence presented. The hearing was meaningful within the requirements of the due process clause and assured that the applicant's qualifications were examined on an individual basis.

■ The exclusion of a person convicted of driving under the influence from employment as a police officer, subject to administrative discretion to waive the impediment, is a reasonable means of achieving the legitimate purpose of insuring qualified personnel on the police force. (See *DeVeau v. Braisted* (1960), 363 U.S. 144, 4 L. Ed. 2d 1109, 80 S. Ct. 1146.) A law

enforcement officer is in a peculiar and unusual position of public trust and responsibility. (See *Grabinger v. Conlisk* (N.D. Ill. 1970), 320 F. Supp. 1213, *aff'd* (7th Cir. 1972), 455 F.2d 490.) The disqualifying factor must be evaluated in relationship to the requirements of the employment sought. We believe that a conviction for driving under the influence is a serious crime which is significantly related to the ability of an individual to perform as a police officer. A consideration of the nature of a policeman's position of public trust, combined with the procedural safeguard in article VII of the background standards permitting waiver of a disqualifying factor for good cause, leads us to conclude that petitioner was not denied eligibility in violation of his right to due process.

## V

Finally, petitioner argues that disqualification based on paragraph H results in a denial of equal protection. This argument is based on petitioner's contention that an applicant's disqualification under paragraph H is automatic while a police officer is not automatically discharged from the police force for similar conduct.

A reading of the background standards indicates that an applicant's disqualification for driving under the influence is discretionary and subject to a hearing. Thus, petitioner's basic premise is erroneous—an applicant is not automatically disqualified under paragraph H. For this reason, the instant case can be distinguished from *Miller v. Carter* (7th Cir. 1977), 547 F.2d 1314, *aff'd per curiam* (1978), 434 U.S. 356, 54 L. Ed. 2d 603, 98 S. Ct. 786, where a city ordinance automatically barring an applicant convicted of certain offenses from obtaining a public chauffeur's license was found to deny equal protection because the revocation of an existing license upon a licensee's conviction of the same offenses was discretionary with the mayor.

It is conceivable that after a hearing an incumbent police officer may not be discharged for the same conduct which results in an applicant's disqualification. Such a result may obtain from the fact that an incumbent *is judged against his past work-related performance, while an applicant is* judged solely on the basis of his conduct outside the department. This, however, is an evidentiary question within the province of the administrative agency.

For these reasons, we affirm the judgment of the circuit court of Cook County affirming the decision of the Personnel Board.

Affirmed.

JOHNSON and ROMITI, JJ., concur.