(No. 51582.— )

LEE A. SCOTT, Appellee, v. JAMES M. ROCHFORD,
Superintendent of Police, *et al.*, Appellants.

*Opinion filed November 21, 1979.*

508

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke, Kathleen Ransford and Daniel Pascale, Assistant Corporation Counsel), for appellant.

Steven M. Levin and Allan A. Ackerman, of Chicago, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Lee A. Scott, appealed from the judgment of the circuit court of Cook County entered in favor of defendants, James M. Rochford, superintendent, John J. Thomas, administrator of personnel services, and John E. Sheerin, supervisor of the employment section, respec-

tively of the Chicago Police Department, entered upon allowance of their motion to dismiss. The appellate court reversed (66 Ill. App. 3d 338), and we allowed defendants' petition for leave to appeal.

Plaintiff was appointed to the Chicago Police Department on April 26, 1976. On February 10, 1977, while off duty, he was involved in an incident in a tavern. On April 5, 1977, plaintiff received written notice from the defendant superintendent that with the consent of the department of personnel, effective April 5, 1977, he was discharged. The parties agree that no hearing was conducted prior to the discharge and that plaintiff, at that time, had been employed by the police department for more than 9 months and less than 1 year.

The Illinois Municipal Code provided in pertinent part:

> "Original appointment shall be on probation for a period not to exceed 6 months to be fixed by the rules; provided that in municipalities with a population of more than 500,000 inhabitants, original appointment to the police department shall be on probation for a period not to exceed nine (9) months to be fixed by the rules of the department." Ill. Rev. Stat. 1975, ch. 24, par. 10—1—14.

> "In any municipality of more than 500,000 population, no officer or employee of the police department in the classified civil service of the municipality whose appointment has become complete may be removed or discharged, or suspended for more than 30 days except for cause upon written charges and after an opportunity to be heard in his own defense by the Police Board." Ill. Rev. Stat. 1975, ch. 24, par. 10—1—18.1.

On October 24, 1975, pursuant to its home rule powers, the city of Chicago enacted chapter 25.1—5 of the Municipal Code. It provided for the establishment of the department of personnel and the appointment of a director of personnel and further:

> "The Director of Personnel shall issue personnel rules with the approval of the Personnel Board. Prior to the

effective date of such rules, the Director of Personnel shall give public notice in one or more newspapers of general circulation, and in no case shall such publication be less than ten (10) days before the effective date of the proposed rule or amendment to the rule. Such public notice shall include information concerning where the rules can be reviewed and where comments may be directed. *** The rules shall provide:

\* \* \*

(7) For probationary periods after original appointment not to exceed one year."

On January 14, 1976, the director of the department of personnel proposed to amend certain of the rules of the department of personnel. As amended, Personnel Rule IV, paragraph 5, read in part:

"Probation. *** Any person appointed from a career service original entrance eligible list will serve a probationary period determined by the Director. Such probationary period shall in no case exceed one year from the date of original appointment."

On January 30, 1976, the director of personnel issued a memorandum which read:

"In accordance with Chapter 25.1—5 of the Municipal Code and the Rules of the Department of Personnel, the probationary period for all persons appointed from an original entrance eligible list into the Career Service on and after January 1, 1976, shall be for a period of one year."

In his complaint plaintiff sought injunctive relief, reinstatement and back pay. He alleged that failure to grant him a hearing deprived him of due process and violated provisions of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 1—1—1 *et seq.*). The circuit court held that under the ordinance and the rule promulgated by the director of personnel plaintiff was subject to a probationary period of one year and that his discharge without a hearing was not improper. The appellate court, holding that the rule was not properly promulgated and

did not serve to extend the probationary period for police officers, reversed.

Defendants contend here that the decision of the appellate court was based on the erroneous conclusion that publication of notice of the extension of the probationary period from 9 months to 1 year occurred for the first time on November 21, 1977. (See 66 Ill. App. 3d 338, 341.) They have attached to their brief and ask that this court take judicial notice of a certificate showing that on January 19, 1976, there was a publication, which met the requirements of the ordinance, in a newspaper published in the city of Chicago. Section 1 of "An Act in relation to judicial notice" (Ill. Rev. Stat. 1977, ch. 51, par. 48a) requires that the circuit court take judicial notice of all general ordinances of the municipal corporations within the circuit, and section 2 (Ill. Rev. Stat. 1977, ch. 51, par. 48b) provides that on review this court take judicial notice of all matters of which the circuit court was required to take judicial notice. It would appear that a reasonable interpretation of these sections would require that we take notice of rules promulgated in accordance with the provisions of a municipal ordinance and of the certificates evidencing their publication.

Defendants argue that the memorandum effected the extension of the probationary period to a period of 1 year and that it was issued in compliance with the requirement of the ordinance that publication be made not less than 10 days before the effective date of a proposed rule or an amendment thereto. Plaintiff argues that acceptance of the defendants' position would lead to unfair and irrational results. He contends that if the director of personnel is permitted to enact rules by means of unpublished memoranda specifying the length of a probationary period, changes could be made on a day-to-day basis presumptively without publication and applicable not only to different classes, but to specific employees.

The authority of the director of personnel to issue personnel rules is conferred by the ordinance, and its exercise must be in compliance with its provisions. The purported amendment to section 5 of Rule IV published on January 19, 1976, contained only the language of the ordinance and made no specific provision for the length of probationary periods after original appointment.

We are of the opinion that the publication on January 19, 1976, did not serve to effectuate the change in the probationary period applicable to plaintiff. The language of the ordinance should be given its plain meaning unless to do so would defeat its intent. (*City of Chicago v. Pennsylvania R.R. Co.* (1968), 41 Ill. 2d 245; *City of East St. Louis v. Union Electric Co.* (1967), 37 Ill. 2d 537; *cert. denied* (1968), 390 U.S. 948, 19 L. Ed. 2d 1136, 88 S. Ct. 1034.) The ordinance provides for the adoption of rules which fix probationary periods, subject to the limitation that they not exceed 1 year. It also provides that the "public notice shall include information concerning where the rules can be reviewed and where comments may be directed ***." The obvious reason for this provision in the ordinance is that the publication be seen by persons likely to be affected by the proposed rules and that they be given an opportunity to comment thereon. The publication here gave no notice of the intent to provide by rule that all probationary periods would be extended to 1 year and defeated the purpose of the publication provision of the ordinance.

We conclude, therefore, that the purported rule change did not become effective prior to the completion of plaintiff's probationary period, and the judgment of the appellate court is affirmed.

*Judgment affirmed.*