WILLIAM SCHMIDT, Plaintiff-Appellant, *v.* THE PERSONNEL
BOARD OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)    No. 79-1040

Opinion filed September 30, 1980.

Dennis M. Fleming, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Jetta N. Jones, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The rules of the Chicago Department of Personnel govern the length of time Chicago police officers must spend on probation before gaining permanent appointments. Properly interpreted, these rules fix the length of the probationary term on the date of the original appointment. The length of the term cannot later be changed. The plaintiff here was not a probationer under the personnel rules, and should not have been discharged without a hearing. The circuit court's order dismissing his complaint for administrative review is reversed and remanded.

William Schmidt was appointed as a probationary patrol officer in the Chicago police department on April 4, 1977. Under the rule then in effect, his probationary term would have expired on January 4, 1978. He was discharged, without being given a reason or a hearing, on February 24, 1978. On March 31, 1978, he sought administrative review by filing a complaint in the circuit court. The complaint was dismissed for failing to state a cause of action, the circuit court holding that under the personnel rules he was a probationary employee with no right to a hearing.

This case requires an interpretation of the rules determining the

length of a patrol officer's probationary term, but much of the groundwork for the decision has already been laid. In *Scott v. Rochford* (1978), 66 Ill. App. 3d 338, 384 N.E.2d 19, *aff'd* (1979), 77 Ill. 2d 507, 397 N.E.2d 801, the court considered the same rules and held that the City of Chicago could enact an ordinance on civil service superseding the provisions of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, pars. 10—1—1 to 10—1—48). It determined that until the Chicago Director of Personnel properly issued a rule changing the probationary term, all officers had to serve 9 months of probation, the term set by the Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 10—1—14). An officer who was not discharged in the first 9 months of his service received a permanent appointment. *Scott* held that not until December 1, 1977, did the Director correctly promulgate a rule change lengthening the term of probation to 1 year. 66 Ill. App. 3d 338, 341, 384 N.E.2d 19, 22.

The parties concede all this. The only issue that needs to be addressed is whether the December 1, 1977, rule change extended the term of probation that Schmidt, whose original appointment came about 8 months earlier, was required to serve. The pertinent provision of the Chicago City Code provides:

"The Director of Personnel shall issue personnel rules with the approval of the Personnel Board. * * * The rules shall provide:

* * *

7) For probationary periods after original appointment not to exceed one year." (City of Chicago Code §25.1—5(7).)

The Board has provided the court with portions of its rules. Rule IV, paragraph 5 states:

"Probation: Any person appointed from a career service original entrance eligible list will serve a probationary period determined by the Director. Such probationary period shall in no case exceed one year from the date of original appointment. * * * Any employee whose probationary period began prior to January 1, 1976 shall continue to serve the probationary period in effect at the time of the employee's appointment."

After several ineffective attempts, the Director of Personnel established a new 1-year probationary period on December 1, 1977. The new rule, Rule IX, paragraph 5, provides:

"All persons appointed to Career Service positions from general employment lists shall serve a probationary period of one year, except that the Director may establish a probationary period of less than one year as specified in the examination announcement."

The ordinance does not state and the rules do not address whether the term of probation an officer faces is locked in at the time of the original

appointment, but we interpret the rules to provide for a scheme which does that.

There are several indications in the rules that this is the proper interpretation. Rule IV states that any appointee *"will serve* a probationary period determined by the Director." (Emphasis added.) Rule IX uses similar language ("persons appointed * * * *shall serve*"). Such language suggests that, from the officer's point-of-view, the determination is a thing of the past, the service a thing of the future. It suggests that the period is to be determined as of the date of the original appointment, so that the new officer knows the length of time he "will serve." The last part of Rule IV is consistent with this interpretation, since it provides that persons already on probation when the rule went into effect faced the term that was in effect at the time of their original appointment. Rule IX also provides that the probationary period, when less than 1 year, is to be announced in the examination announcement. This again suggests that the term of probation is to be fixed before the officers begin it.

" ' "The purpose of the probationary period is to enable the appointing officer to determine whether a permanent appointment is desirable. That question is left solely to his judgment, and he has the whole probationary period in which to decide it." ' " (*People ex rel. Shelton v. City of Chicago* (1973), 13 Ill. App. 3d 729, 731, 301 N.E.2d 162, 163.) The Director does not, however, have more than the probationary period. The personnel rules create an expectation that the probation will continue until the officer is discharged or receives a permanent appointment. They do not allow the Director to adopt the third option of extending the officer's term to give the city officials several more months in which to reach a decision.

This interpretation of the rules is consistent with notions of common sense and fair play. Because probation is a time for testing new employees, a time for the probationary officer to show especially excellent behavior, the officer should know specifically how long the probation will last. That way the officer will know what he faces and be better equipped to deal with the period of probation successfully. The officer beginning probation knows that he has 6 or 8 or 12 months of probation ahead, but no more. He can pace himself and prepare for the day when he will have to make decisions as a permanent employee, his professionalism reaching full fruition on the day his probation expires provided he has not already been discharged.

This interpretation is also in line with the fundamental tenet of justice summarized in the admonition about not changing the rules in the middle of the game. It is impossible to tell if Schmidt would have accepted the original appointment had he known the probationary term was 12 months instead of 9. By adopting the interpretation it is unnecessary to address the

perplexing issues of whether a vested property right is involved here or whether the fundamental notions of justice embodied in the due process clauses of the Federal and Illinois Constitutions forbid a rule that allowed the Director to change the length of the term midway in an officer's probation. Courts have a duty in construing rules to interpret in such a way as to avoid any construction that would raise doubts of the rule's validity. *Greyhound Lines, Inc. v. City of Chicago* (1974), 24 Ill. App. 3d 718, 728, 321 N.E.2d 293, 302.

Although the Personnel Board has not urged it, the rule of construction that the interpretation of a rule by an administrative body charged with enforcing it should be given weight by the courts should be considered. As in *Moy v. Department of Registration & Education* (1980), 85 Ill. App. 3d 27, 31, 406 N.E.2d 191, 195, the Board has not advised this court of other instances in which it made a similar interpretation of its rule. The record does not show that in this case the Board considered whether the plaintiff's term of probation was fixed at his original appointment, only that the Board made an administrative decision to discharge him, implicitly holding that the term of probation was not fixed but could be changed at any time. The circuit court was not asked to defer to this implicit holding. With no indication that this holding was long-continued or consistent, with no indication that this holding came after consideration of the policies involved, and for the reasons stated above, this court declines to follow the Board's implicit interpretation of the rules.

Under the interpretation of the personnel rules adopted, the plaintiff's probation was to run 9 months. The change of the rule on December 1, 1977, was to have prospective application only, so the plaintiff successfully completed his probation before being discharged. As a permanent employee, the plaintiff was entitled to a hearing before his discharge. (City of Chicago Code §25.1—6.) His complaint calling for review of his discharge without a hearing stated a valid cause of action. The judgment of the circuit court is therefore reversed and the cause is remanded for further proceedings on plaintiff's complaint.

Judgment reversed and remanded.

McGILLICUDDY, P. J., and McNAMARA, J., concur.