DOROTHY E. HIPPERT, Plaintiff-Appellant, *v.* JAMES E. O'GRADY, Superintendent of the Chicago Police Department, *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-1416

Opinion filed June 17, 1981.

Donna, Gilman, Schuller & Gershon, of Chicago (Edward Lloyd Schuller and Jeffrey T. Saltz, of counsel), for appellant.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Leon Pawlykowycz, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff appeals from an order dismissing her complaint against defendants. Plaintiff, a police officer, sought reinstatement after she was summarily removed without a hearing. The trial court found that her claim was barred by laches and dismissed the action.

Plaintiff was appointed to the police department on January 3, 1977. After she served the department for eleven months, she was discharged. Her request for a hearing when she learned of her imminent discharge was denied.

In so dismissing plaintiff, defendants were acting in accordance with a department regulation which purportedly extended the statutory probationary period within which summary dismissal is permitted, from nine months to one year. At the time plaintiff was removed, however, a complaint had been filed against defendants by another similarly discharged officer charging that the regulation was improperly promulgated and therefore ineffective. (See *Scott v. Rochford* (1978), 66 Ill. App. 3d 338, 384 N.E.2d 19, *aff'd* (1979), 77 Ill. 2d 507, 397 N.E.2d 801.) Additionally, two months prior to plaintiff's dismissal, our supreme court held that a discharged civil service employee properly may await the outcome of pertinent pending litigation before bringing suit without being barred by laches. *People ex rel. Casey v. Health & Hospitals Governing Com.* (1977), 69 Ill. 2d 108, 370 N.E.2d 499.

On September 20, 1978, less than nine months after plaintiff's discharge, this court held that the department regulation in question was improperly promulgated and that a dismissed employee who had served more than nine months was entitled to a hearing. (*Scott v. Rochford.*) Approximately 4½ months later, on February 6, 1979, plaintiff filed her present complaint.

On March 16, 1979, without referring to our decision in *Scott v. Rochford*, defendants filed their motion to dismiss, contending that plaintiff was not entitled to a hearing since the one-year probation period delineated in the regulation applied to her. Defendants also maintained that plaintiff's claim was barred by laches since her complaint had been filed 13 months after her discharge.

Plaintiff filed a written response to defendants' motion to dismiss. Although she did not state whether she had intentionally awaited the outcome of *Scott*, she set forth our holding in *Scott v. Rochford*. She also stated that she had diligently sought advice of counsel, prior to the *Scott* decision, who told her that she was not entitled to a hearing. After the supreme court affirmed our decision in *Scott*, defendants ultimately conceded that the regulation did not apply to plaintiff. Laches became the sole basis for the dismissal of plaintiff's complaint.

Laches is an equitable principle which operates to bar an action where, because of unreasonable delay in bringing suit, the defendant has been misled or prejudiced, or has taken a course different from what he would have otherwise taken. (*People ex rel. Casey v. Health & Hospitals Governing Com.* (1977), 69 Ill. 2d 108, 370 N.E.2d 499.) In civil service discharge cases, some prejudice is inherent in any delay because the governmental body may be responsible for the salary of the reinstated plaintiff as well as the salary of the substitute who replaced plaintiff. (*People ex rel. Casey.*) Hence, a delay of more than six months may constitute laches where there is no reasonable excuse for delay. (*Kadon v. Board of Fire & Police Commissioners* (1964), 45 Ill. App. 2d 425, 195 N.E.2d 751.) The prejudice must be caused by the unreasonable delay, however, and not by defendant's own conduct. *Chriswell v. Rosewell* (1979), 70 Ill. App. 3d 320, 388 N.E.2d 175; *Murphy v. Rochford* (1977), 55 Ill. App. 3d 695, 371 N.E.2d 260.

Under the circumstances of this case, we do not believe that defendants were prejudiced by an unreasonable delay on plaintiff's part. The complaint in *Scott v. Rochford* was filed against defendants prior to plaintiff's discharge. Defendants therefore had notice that the regulation under which plaintiff was discharged may be inapplicable to her, yet defendants refused plaintiff's request for a hearing. Regardless of whether plaintiff in fact intentionally awaited the outcome of *Scott*, defendants should have expected, in light of *People ex rel. Casey*, that plaintiff may await the outcome of the pertinent *Scott* litigation prior to bringing suit. Moreover, the position taken by defendants as reflected by their motion to dismiss the present complaint indicates that they did not intend to depart from their dismissal policy even after this court's decision in *Scott*. Had plaintiff brought suit earlier, defendants "undoubtedly would have sought and received a delay pending the outcome in [*Scott*]." (*People ex rel. Casey*, at 116.) Consequently, defendants were not lulled into taking certain actions which they would not otherwise have taken but for plaintiff's delay. If any prejudice exists here, it is because defendants chose not to abide by this court's holding in the *Scott* case before altering their improper dismissal policy. Accordingly, plaintiff's action is not barred by laches.

In so holding, we express no opinion as to plaintiff's alternative argument that laches is measured from the time a decision is rendered by a court giving one a remedy.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McGILLICUDDY and WHITE, JJ., concur.