BURTON KAMINSKY, Plaintiff-Appellant, v. BOARD OF FIRE AND PO-
LICE COMMISSIONERS OF THE VILLAGE OF WHEELING, ILLINOIS,
*et al.*, Defendants-Appellees.

First District (6th Division) No. 1—89—2662

Opinion filed June 29, 1990.

RAKOWSKI, J., dissenting in part.

Barbara Bennington Hogberg, of Hoffman Estates, for appellant.

Klein, Thorpe & Jenkins, of Chicago, and James A. Rhodes, of Wheeling (Arthur C. Thorpe and Patrick A. Lucansky, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:
In a Rule 23 order (107 Ill. 2d R. 23), this court previously found that plaintiff Burton Kaminsky was wrongfully discharged from the police force by defendants, the Board of Fire and Police Commissioners of the Village of Wheeling (Board), Maurice Weitlauf and John A.

Shelk, Jr., commissioners; and Michael Hager, chief of police. On remand, the Board imposed consecutive 25-day suspensions for each of two charges. Plaintiff appealed, and the trial court reduced the suspension to one 30-day sanction, and upheld the Board's determination of the amount of back pay due to plaintiff. On appeal, plaintiff contends that the back-pay determination is erroneous because it included a deduction for wages earned during the period of wrongful discharge; because it did not include extra compensation for holidays and vacations; because it did not include compensation for overtime and extra duty pay he might have earned; and because it did not include interest.

Defendants cross-appeal, contending that the trial court erred in reducing the penalty from two 25-day suspensions to one suspension of 30 days, where section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—17) permits consecutive 30-day suspensions for each violation.

On January 10, 1985, the Wheeling chief of police filed eight charges against plaintiff with the Board. The Board subsequently struck two of the charges. Following a hearing, on March 6, 1985, the Board found plaintiff guilty of five of the six remaining charges. The charges involved: On July 17, 1984, at 11:56 p.m., plaintiff did not respond as a back-up officer to a prowler call after acknowledging a radio dispatch; two days later, on July 20, 1984, at 2:52 a.m., plaintiff did not respond as a back-up officer in a timely manner for an activated burglar alarm, delaying arrival until 14 to 20 minutes after the principal assigned officer arrived; on November 6, 1984, plaintiff spent 68 minutes idle without notifying the dispatcher, when lunch break is only 30 minutes; on November 7, 1984, plaintiff spent 77 minutes idle for lunch break without notifying the dispatcher; and on September 16, 1984, plaintiff failed to respond to a fire when he was in the immediate vicinity and was unavailable without notifying the dispatcher.

The Board discharged plaintiff, effective March 13, 1985. On review, the trial court upheld the Board's decision.

On appeal, this court reversed. (*Kaminsky v. Board of Fire & Police Commissioners* (1st Dist. 1986), No. 1—86—0608 (unpublished order under Supreme Court Rule 23).) We held that a finding of guilt on the September 16, 1984, fire alarm charge was against the manifest weight of the evidence. We held further that reprimand was the most severe penalty to be imposed for the two charges of taking an excessive lunch break.

The two remaining charges we addressed were the July 18 and

20, 1984, failures to respond as back-up officer. We upheld the guilty findings, but found that discharge was unwarranted. We noted that the Department took no action against plaintiff after the two July incidents. The court also pointed to plaintiff's 17½ years of service without reprimand, numerous commendations, and nine officers testifying in mitigation on his behalf. We remanded to reconsider the penalty.

On March 2, 1987, plaintiff was reinstated in his job. On September 17, 1987, the Board heard the case on remand. It imposed a 25-day suspension for the July 18, 1984, incident and a 25-day suspension for the July 20, 1984, incident, with the two suspensions to run consecutively. The Board found that $60,551.95 in gross wages was due as back pay for the period March 13, 1985, to March 2, 1987. The Board then set off $17,209.40 which plaintiff earned from other employment during the period of his discharge. The Board added to the wages due merit increases which it believed plaintiff would have received, and longevity pay.

Plaintiff sought review of the Board's decision on remand, seeking a lesser period of suspension and an increased back-pay award. On May 17, 1989, the trial court reduced the suspension to one 30-day period, but upheld the Board's back-pay award. Both sides now appeal to this court.

■ We first address plaintiff's contentions on appeal. Plaintiff initially contends that the back-pay award is improper because the Board deducted wages earned by plaintiff from other employment during the period of wrongful discharge. We hold that plaintiff has waived this issue. At the hearing before the Board on remand, plaintiff not only failed to contest the issue, but indicated he expected the setoff. The Board requested, and plaintiff produced, tax forms showing these earnings during the period of discharge. The Board introduced the forms into evidence, without objection from plaintiff. Plaintiff's counsel merely argued that the setoff should not include amounts withheld for social security purposes:

> "PLAINTIFF'S COUNSEL: One brief argument regarding the evidence of wages earned by Officer Kaminsky during the time that he was not working for the Village of Wheeling. We would ask that you not consider *** the amount that was withheld for Social Security by the separate employers, not be considered as income earned by Officer Kaminsky because he derived no benefit from those monies; and he will never derive any benefit from those monies; and so it is our position that they shouldn't be considered in mitigation."

Plaintiff will not be permitted to raise this issue for the first time on appeal. See *Leffler v. Browning* (1958), 14 Ill. 2d 225, 151 N.E.2d 342; *Village of Hillside v. John Sexton Sand & Gravel Corp.* (1983), 113 Ill. App. 3d 807, 447 N.E.2d 1047; *Del Rivero v. Cahill* (1979), 71 Ill. App. 3d 618, 390 N.E.2d 355.

■ Plaintiff next contends that the Board erred in computing his back-pay award when it denied his compensation for holidays and vacation pay. The Board's decision on remand expressly states that the gross wages plaintiff would have earned during the discharge period includes wages "for days worked, *vacation* and *holidays*." (Emphasis added.) No error occurred.

■ Plaintiff also contends that the Board erred in not including overtime and extra duty pay in the award. Plaintiff testified that from 1981 through 1984 he earned from $270 to $1,382 per year for overtime; and $240 to $455 per year in extra duty pay. The Board's decision on remand states that plaintiff is not entitled to any pay for overtime or extra duty. We agree with the Board that the collective bargaining agreement "makes no guarantee of overtime or extra duty assignments and [plaintiff] has failed to present any competent evidence establishing [that] he is entitled to overtime or extra duty pay." Plaintiff's evidence was speculative and not a basis for an award. The Board correctly noted that there was no evidence with regard to how overtime is assigned or whether plaintiff would in fact have been assigned overtime or extra duty during that period of time.

■ Plaintiff finally contends that the Board erred in not awarding interest on the back pay. The argument was not made before the Board or before the trial court, and thus we shall not consider it. See *First National Bank & Trust Co. v. Aluminum Coil Anodizing Corp.* (1980), 86 Ill. App. 3d 842, 408 N.E.2d 477 (issue of interest in judgment waived where it was not raised before trial court).

■ We now address the cross-appeal filed by defendants. The Board argues that the statute permits a maximum of one 30-day suspension for each single act of misconduct. The statute provides:

"Except as hereinafter provided, no officer *** shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. *** The Board *** shall conduct a fair and impartial hearing of the charges ***. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—17.)

Clearly the statute does not require a single 30-day-or-less term of suspension for each individual charge. One suspension term can be imposed for multiple charges.

We need not determine, however, whether under different circumstances the statute would permit the Board to impose multiple consecutive 30-day suspensions for different charges or violations because we are not faced with single acts of misconduct in this case. Under the record before us, we find that the Board always treated the misconduct as a *course* of misconduct.

Significantly, our December 23, 1986, Rule 23 order states that "the board discharged plaintiff for 'a *pattern* of non-responsiveness and unavailability in duty situations.' " (Emphasis added.) This court, as did the Board, looked at the entire course of conduct. We found the penalty too harsh.

The original Board decision also recited a conclusion which demonstrates the penalty was imposed as a result of the entire course of conduct:

> "The Board further finds that the conduct of the [plaintiff], which formed the basis of the findings of guilt hereinabove set forth, constitutes a substantial shortcoming which renders his continuance as an officer of the Wheeling Police Department detrimental to the discipline and efficiency of the service of the Department and is good reason for the [plaintiff] no longer holding his position as an officer with the Wheeling Police Department."

Undoubtedly the Board would not have found a substantial shortcoming and conduct so detrimental to the police department as to require the penalty of discharge for any one of the charges alone, such as taking a long lunch or responding to a call too slowly. It was the entire course of related conduct, with all five charges revolving around unavailability and not responding properly to calls, which the Board believed demanded discharge.

Similarly, the initial trial court order issued on February 11, 1986, treated the acts as one course of misconduct:

> "[T]he Board *** was justified in finding that the plaintiff's conduct was a substantial shortcoming which rendered his continued employment detrimental to the discipline and efficiency of the police department and was something which the law and public opinion would recognize as good cause for his discharge. Further, the decision was not arbitrary nor was it unreasonable, punitive, or excessive. The evidence established the plaintiff failed to respond to two (2) calls, responded to one (1)

call only after that call had been concluded without offering just cause for his late response, took over an hour lunch twice, during which time he pretended to be available for duty when, in fact, he was not and, finally, that plaintiff failed to respond to an officer's call for assistance at a fire call when he was practically next door at the time."

We hold that, under the facts and circumstances in the present case, the Board may only impose one suspension for 30 days or less. The imposition of two 25-day suspensions is impermissible here. Thus, we affirm the trial court determination that one 30-day suspension is appropriate. Again, we do not decide whether under different circumstances the statute would permit, as a matter of law, multiple consecutive terms of suspension, each for 30 days or less.

For the foregoing reasons, the judgment of the circuit court of Cook County modifying the decision of the Board of Police and Fire Commissioners is affirmed in all respects.

Judgment affirmed.

LaPORTA, P.J., concurs.

JUSTICE RAKOWSKI, dissenting in part:

I do not agree that the plaintiff has waived his claim that his back-pay award was improper. Neither the cases cited by the majority nor the reasoning behind the doctrine of waiver supports its application to a situation, as exists here, where the party being charged with waiver did not bear the burden of raising the issue.

The Board first determined that gross wages due plaintiff were $60,551.95 and that his gross earnings during the suspension period were $17,209.40 and then found "that the law in the State of Illinois is that Officer Kaminsky is entitled to gross wages less any time for suspension and *less any outside earnings.*" (Emphasis added.) The above-pleaded recitation of Illinois law is incorrect. It is well settled that: "The employer has the burden of showing that the employee could or did have other earnings subsequent to the wrongful discharge *and that those earnings stemmed from employment incompatible with the employment from which he was wrongfully discharged.*" (Emphasis added.) (*Bressler v. Board of Education of Chartered School District No. 150* (1977), 69 Ill. 2d 191, 199, 370 N.E.2d 1050, relying on *People ex rel. Bourne v. Johnson* (1965), 32 Ill. 2d 324, 205 N.E.2d 470.) While the plaintiff does not dispute the Board's computations of gross wages or the amount he earned during the discharge

period, he disputes both in the trial court and on appeal that the record contains any facts which would support an offset.

I agree. Both *Bressler* and *Bourne* are directly on point and provide for such an offset only where the earnings during discharge stem from incompatible employment. The record *sub judice* neither contains a finding of incompatibility nor reveals any evidence which would lead to such a finding. It is clear that the Board did not correctly follow Illinois law.

The majority hold that plaintiff will not be permitted to raise this issue for the first time on appeal (citing *Leffler*, 14 Ill. 2d 225; *Sexton Sand & Gravel Corp.*, 113 Ill. App. 3d 807; *Del Rivero*, 71 Ill. App. 3d 618). These cases are distinguishable. In *Del Rivero*, not only did the plaintiff fail to raise the issue at the administrative level, he also failed to raise it in his complaint for administrative review. In both *Sexton Sand & Gravel* and *Leffler*, the issues were defenses that were not raised at the administrative level. In this case, incompatibility was a defense of the employer, not plaintiff. Further, in all three of these cases, the party who attempted to argue an issue on appeal also had the burden of raising it in the administrative action. In this case, the burden fell on the employer to prove that plaintiff's employment during discharge was incompatible. Until the employer produced its evidence, plaintiff had no reason to raise any defense.

Further, the majority also states that plaintiff "expected the setoff." (201 Ill. App. 3d at 265.) While the record does not contain any such statement, the majority reasons that such could be implied from plaintiff's counsel's failure to object when evidence of plaintiff's earnings during the discharge period was introduced. The plaintiff, however, did not dispute these calculations and would, therefore, have no reason to object.

Nor does public policy support an application of waiver in this case. The waiver rule exists because of "the demands of orderly procedure and the justice of holding a party to the results of his own conduct where to do otherwise would surprise his opponent and deprive him of an opportunity to contest an issue in the tribunal which by law is supposed to decide it." (*Leffler*, 14 Ill. 2d at 228; see also *Sexton Sand & Gravel*, 113 Ill. App. 3d at 817.) Since the employer had the burden of proving the incompatibility of plaintiff's employment when it presented its defense during the administrative hearing, it cannot rightfully claim to be surprised by plaintiff's issue on appeal or that it was deprived of the opportunity to contest the issue at the administrative level. It rings hollow indeed for a party to argue an inability to contest those facts that it had the burden of proving.

Additionally, common sense dictates that one party does not waive his rights by not pointing out that the other side failed to meet its burden. Administrative hearings are already sufficiently protracted without imposing upon a party a duty to comment upon his opponent's failure to meet its burden of proof. Where a party fails to meet its burden, it is precluded from relief, and this fact is not altered by his opponent's response or lack thereof.

Finally, even if the doctrine of waiver could apply to this case, to allow its application would be improper. The waiver rule "is not a rigid or inflexible one, and, where injustice might otherwise result, a reviewing court may consider questions of law not passed upon by an administrative agency. [Citations.]" (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 453, 259 N.E.2d 257; see also *Cotovsky v. Department of Registration & Education* (1982), 110 Ill. App. 3d 417, 423, 442 N.E.2d 520.) In this case, the Board first improperly fired Kaminsky, then improperly suspended him, and now improperly challenges full payment of court-ordered restitution. Injustice has already resulted from the Board's action. I see no reason to allow one more injustice simply on the grounds that Kaminsky failed to demand that the Board meet its own burden of proof.

In sum, all plaintiff had to prove to entitle him to a full back-pay award was the amount of money he would have earned during the improper discharge period. This he had done. In order to establish a set-off, his employer had the burden of proving incompatibility. This it has not done. Neither the majority opinion nor the defendant's brief cites any authority for the proposition that a party who has not proven his entitlement to relief can somehow succeed merely because the opponent fails to comment upon the issue.

I would affirm in part and reverse in part and remand, with directions.